IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 13-00024-01-CR-W-DGK |
| CARLOS OLIVAS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
TO ACCEPT DEFENDANT'S GUILTY PLEA**

On April 17, 2014, I held a change-of-plea hearing after this case was referred to me by United States District Judge Greg Kays. I find that defendant's plea was voluntary and therefore recommend that it be accepted.

## I. BACKGROUND

On June 20, 2013, a second superseding indictment was returned charging defendant with one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one); one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (count two); two counts of possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (counts three and six); and two counts of possessing a firearm while an unlawful user of or addicted to methamphetamine, cocaine, and cocaine base, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (counts four and five). Judge Kays referred this case to me for conducting a change-of-plea hearing and issuing a report and recommendation on whether to accept the plea. The hearing was held on April 17, 2014. Defendant was present, represented by Assistant Federal Public Defender Ronna Holloman-Hughes. The government was represented by Assistant United States Attorney Rudolph Rhodes,

IV. The proceedings were recorded and a transcript of the hearing was filed on April 18, 2014.

## II. *AUTHORITY OF THE COURT*

The authority of federal magistrate judges to conduct proceedings is created and defined by the Magistrates Act, 28 U.S.C. § 636. Besides certain enumerated duties, the Act provides that a "magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States." 28 U.S.C. § 636(b)(3).

The Eighth Circuit, following the reasoning of several other circuits, has held that magistrate judges may preside over allocutions and pleas in felony cases, so long as certain procedural safeguards are met. United States v. Torres, 258 F.3d 791, 795-96 (8th Cir. 2001); see also United States v. Dees, 125 F.3d 261 (5th Cir. 1997), United States v. Williams, 23 F.3d 629 (2d Cir. 1994). The reasoning applied by the appellate courts relies upon previous opinions by the United States Supreme Court that conducting jury *voir dire* falls within a magistrate judge's "additional duties" when the defendant has consented. United States v. Torres, 258 F.3d at 795 (citing Peretz v. United States, 501 U.S. 923 (1991), Gomez v. United States, 490 U.S. 858 (1989)).

In Peretz, the Supreme Court held that when a defendant consents to a magistrate judge's involvement in *voir dire*, he waives any objection based on his right to have an Article III judge hear his felony case. 501 U.S. at 936. Moreover, the availability of *de novo* review by a district judge preserves the structural guarantees of Article III. United States v. Torres, 258 F.3d at 795. Applying the Peretz holding and the reasoning of Williams, the Eighth Circuit held that the acceptance of guilty pleas bears adequate relationship to duties already assigned by the Magistrates Act in that "[a]n allocution is an ordinary garden variety type of ministerial function that magistrate judges commonly perform on a regular basis." Id. Plea allocutions are substantially similar to evidentiary proceedings explicitly assigned by the Act. Id. at 796 (citing

2

United States v. Dees, 125 F.3d at 265). Even if taking a guilty plea were considered to be of greater importance than those duties already assigned, the consent of the defendant saves the delegation. Id. "Consent is the key." Id. (quoting United States v. Williams, 23 F.3d at 633).

The Torres court also addressed the implications of such a delegation for Article III's case and controversy clause. Id. Because plea proceedings are submitted to the district court for approval, the court retains ultimate control over the proceedings and is not bound to accept a plea taken by a magistrate judge. Id. Moreover, the district court's *de novo* review of the plea proceedings contributes to the ministerial nature of the magistrate judge's role. Id.

Based on the above, I find that, with the consent of the defendant, the district court may properly refer a felony case to a Magistrate Judge for conducting a change-of-plea hearing and issuing a report and recommendation on whether the plea should be accepted.

## III.  FINDINGS OF FACT

1. On June 20, 2013, a second superseding indictment was returned charging defendant with one count of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (count one) and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count three) (Tr. at 405).

2. The statutory penalty for count one is not less than 10 years in prison and not more than life, not more than $10 million fine, not less than 5 years supervised release and up to life, and a $100 special assessment (Tr. at 4-5). The statutory penalty for count three is not less than 5 years in prison consecutive to any sentence imposed on count one and up to life in prison, not more than $250,000 fine, not more than 5 years supervised release, and a $100 special assessment (Tr. at 6).

3. Defendant was advised of the following:

3

  a. That he has a right to a trial by jury of at least 12 individuals and that their verdict must be unanimous (Tr. at 6);

  b. That he has the right to assistance of counsel throughout the trial (Tr. at 7);

  c. That defendant is presumed innocent, and the government has the burden of coming forward to prove defendant's guilt beyond a reasonable doubt (Tr. at 7);

  d. That defendant's attorney would have the opportunity to cross examine the government witnesses (Tr. at 7-8);

  e. That defendant would have an opportunity to subpoena witnesses to testify on his behalf (Tr. at 8);

  f. That defendant would have an opportunity to testify on his own behalf, but that he would not be required to and the jury would be instructed that they could not draw an adverse inference if he chose not to testify (Tr. at 8); and

  g. That defendant would have an opportunity to appeal any conviction to the Eighth Circuit Court of Appeals (Tr. at 9).

4. Defendant was informed and understood that by pleading guilty, he is giving up all of the rights described above (Tr. at 9).

5. Defendant was informed that during the change-of-plea proceeding, he would be placed under oath and questioned by counsel and the judge (Tr. at 9). Defendant was further informed that he must answer questions truthfully while under oath (Tr. at 10). Defendant stated that he understood (Tr. at 10).

6. Defense counsel had full access to the government's file and agreed that her review of the evidence and her independent investigation confirmed that the facts were as

alleged by the government and that it is in the defendant's best interest to plead guilty (Tr. at 10-11).

    7.    The government made the following factual basis for the plea:

> Defendant participated in a conspiracy to distribute at least 500 grams of methamphetamine between April 2012 and February 11th of 2013. During this period, he sold various quantities of methamphetamine to his co-defendants, Carr and Eads. There were, on multiple occasions, and in very multiple -- various quantities, one-half ounce quantities. Also, on January 25, 2013, law enforcement officers executed a search warrant at his residence. At that residence, they found the Taurus pistol, which is fully described in the Indictment, nearby him. It was loaded. Also, they -- he had on his person $1,800 in cash and methamphetamine. In the living room, they found the Smith & Wesson pistol which was loaded as well, as well as the other firearm, the Springfield Armory pistol which was loaded. In that living room they found also more methamphetamine and a digital scale.

(Tr. at 10-11).

    8.    Defendant was placed under oath (Tr. at 11) and admitted the following: Sometime between April of 2012 and February 11, 2013, defendant was within the metropolitan Kansas City area, he agreed with John B. Carr and Onis R. Eads regarding the possession and distribution of methamphetamine in the amount of 500 grams or more, at the time defendant knew that it was against the law to do that. On January 25, 2013, defendant was in the Western District of Missouri, he was engaged in the conspiracy charged in count one, he had in his possession a Smith & Wesson .380-caliber semi-automatic pistol, a Springfield Armory .40-caliber firearm, and a Taurus International PT709, and he possessed the firearms to protect his interest in the methamphetamine (Tr. at 12-14).

    9.    Defendant is familiar with the plea agreement, discussed it with his attorney, and understands it (Tr. at 14, 24). In addition, I went through the plea agreement with defendant (15-24). The plea agreement has been filed as document number 71. The plea agreement, at paragraph 10(k), specifically provides that in the event Congress has not acted (by the time of defendant's sentencing hearing) in adopting the proposed but not yet effective guidelines amendment to revise the drug quantity table downward by two levels, then the

5

government will agree to defendant's request for a two-level reduction based on the proposed amendments currently before Congress (Tr. at 21-24).

10. No one has made any threats or promises in order to get defendant to plead guilty (Tr. at 25).

11. Defendant is satisfied with the advice and guidance he has received from Ms. Holloman-Hughes (Tr. at 25). There is nothing Ms. Holloman-Hughes did that defendant did not want her to do (Tr. at 25). There is nothing defendant wanted Ms. Holloman-Hughes to do that she did not do (Tr. at 25).

12. Defendant is 39 years of age (Tr. at 25). He understands English and had no difficulty understanding the proceedings (Tr. at 25). Defendant has no physical, mental health, or substance abuse issues (Tr. at 25-26). Defendant was not under the influence of any drug or alcohol during the change-of-plea hearing (Tr. at 26).

13. Defendant tendered a plea of guilty to the crimes charged in counts one and three of the second superseding indictment (Tr. at 26-27).

## IV. *ELEMENTS OF THE CHARGED OFFENSES*

The elements necessary to sustain a conviction for conspiracy to possess with intent to distribute methamphetamine are:

One - two or more persons reached an agreement or came to an understanding to possess with intent to distribute methamphetamine;

Two - the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

Three - at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

Eighth Circuit Model Criminal Jury Instruction 6.21.846A.

The elements necessary to sustain a conviction for possessing a firearm during and in connection to a drug trafficking offense are:

One - the defendant committed the crime of conspiracy to possess methamphetamine with intent to distribute; and

Two - the defendant knowingly possessed a firearm in furtherance of that crime. Eighth Circuit Model Criminal Jury Instruction 6.18.924C.

## V. CONCLUSION

Based on the above, I make the following conclusions:

1. The district court may lawfully refer this case to a Magistrate Judge for issuance of a report and recommendation on whether defendant's guilty plea should be accepted.

2. Defendant knowingly and voluntarily pleaded guilty to conduct establishing every element of the crimes charged in counts one and three of the second superseding indictment.

Therefore, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order accepting defendant's guilty plea and adjudging defendant guilty of the offenses charged in counts one and three of the second superseding indictment.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 18, 2014